IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RONNIE E. COLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIV-05-373-L |
| v. | ) | |
| | ) | |
| C. FONTENOT, LPN, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. §1983. The sole Defendant named in the Complaint is "C. Fontenot, LPN," who is described by Plaintiff as a nurse at the Great Plains Correctional Facility ("GPCF") where Plaintiff was previously incarcerated. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that the cause of action be dismissed under 28 U.S.C. §1915(e)(2)(B) for failure to state a claim for relief.

In considering a civil complaint filed by a prisoner who is allowed to proceed *in forma pauperis* in accordance with 28 U.S.C. §1915(b)(1), the court has the responsibility to determine as soon as possible if the cause of action is frivolous, malicious, fails to state a claim upon which relief may be granted, or if the prisoner seeks monetary relief from a

defendant who is immune from such a claim. 28 U.S.C. §1915(e)(2)(B). Pursuant to 28 U.S.C. §1915(e)(2)(B), the court must dismiss a cause of action filed *in forma pauperis* at any time the court determines one of the above is present.

A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991).[1] In reviewing the sufficiency of the complaint, the court presumes all of the plaintiff's factual allegations to be true and construes them in the light most favorable to the plaintiff. Id.  A *pro se* plaintiff's complaint must be broadly construed under this standard. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the "broad reading" of *pro se* complaints dictated by Haines "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall, 935 F.2d at 1110. The court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

Plaintiff alleges Eighth Amendment and Fourteenth Amendment deprivations based on a single encounter with Defendant. Plaintiff contends that on September 6, 2004, he went to the GPCF medical unit and complained of chest pain. Defendant was the nurse on duty

---

[1] The "standard for dismissal for failure to state a claim is essentially the same under" both Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. §1915(e)(2)(B)(ii). Curley v. Perry, 246 F.3d 1278, 1283 (10th Cir.), cert. denied, 534 U.S. 922 (2001).

in the clinic at that time. Plaintiff alleges Defendant "refused to take any vitals telling the plaintiff to submit a sick call request." Complaint, at 2. Plaintiff contends that this sole action by Defendant caused him "needless pain and suffering" and constituted deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights. With respect to his Fourteenth Amendment due process claim, Plaintiff contends that Defendant's action on September 6, 2004, violated the Oklahoma Department of Corrections' Nursing Practice Protocols and policies and therefore violated his due process rights.

I. Eighth Amendment

In order to state a claim under the Eighth Amendment with respect to medical attention, a prisoner must demonstrate that the official was deliberately indifferent to his or her serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104-106 (1976). Eighth Amendment claims involving inadequate or delayed medical treatment involve both an objective and a subjective component, and require a determination as to whether (1) the medical need is sufficiently serious and (2) whether the official acted with a sufficiently culpable state of mind. Oxendine v. Kaplan, 241 F.3d 1272, 1276 (10th Cir. 2001). A medical need is "sufficiently serious" if it "has been diagnosed by a physician as mandating treatment or ... is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (quotation omitted). If the prisoner alleges a delay in medical treatment, he or she must further establish that any delay in medical attention resulted in "substantial harm." Id. (quotation omitted). The subjective component of this standard requires "something more than mere negligence." Farmer v. Brennan, 511 U.S. 825, 835

(1994). An official is deliberately indifferent when the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. The official may be held liable for a risk of which he or she was unaware only if "the risk was obvious and a reasonable prison official would have noticed it." Id. at 841-842.

Plaintiff contends that Defendant's discretionary decision to require him to submit a "sick call request," without first checking his "vital signs," violated his Eighth and Fourteenth Amendment rights. He has not alleged a medical condition other than his subjective symptom of "chest pain." Assuming his subjective symptom of "chest pain" constitutes a serious medical need, Plaintiff's claim is that the Defendant did not accurately assess his "chest pain" by first checking his "vital signs" before determining he was not in need of emergency medical attention. With this claim, Plaintiff is merely alleging a disagreement with the medical assessment of the Defendant, who is described by Plaintiff as the nurse on duty at the time he entered the medical unit. See Perkins v. Kansas Dep't of Corrections, 165 F.3d 803, 811 (10th Cir. 1999)(generally, "a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation").

Plaintiff alleges only that Defendant reached her decision to require him to submit a "sick call" request without first checking his "vital signs." Assuming he is referring to a check of his blood pressure, pulse rate, and temperature, he does not allege how the failure

to check his vital signs caused a substantial risk of serious harm of which the Defendant was aware. Nor does he allege an obvious risk of serious harm. A subjective symptom of chest pain could indicate any number of medical conditions, including indigestion. In a similar case, the Sixth Circuit Court of Appeals concluded in an unpublished opinion that a nurse's failure to take an inmate's vital signs and failure to administer medication to an inmate with a prior history of asthma who came into the prison infirmary claiming breathing difficulty suggested only negligence, not deliberate indifference. Kelly v. Wehrum, No. 98-3172, 1999 WL 455327, *4 (6th Cir. 1999)(unpublished op.). In another similar case, the Eighth Circuit Court of Appeals held that the failure of jail officials to follow a physician's instructions to check an inmate's vital signs every four hours was negligence, not deliberate indifference. Williams v. Kelso, 201 F.3d 1060, 1064-1065 (8th Cir. 2000). Plaintiff's allegation that Defendant failed to check his vital signs after he complained of "chest pain" creates an inference of nothing more than negligence, and therefore his allegations fail to state an Eighth Amendment claim of deliberate indifference to his serious medical needs.

To the extent that Plaintiff is alleging that a delay in his receipt of medical treatment deprived him of Eighth Amendment rights, the Oklahoma Department of Corrections ("DOC") provides by policy that inmates normally obtain access to medical care by submitting a written request for medical attention. DOC policy number OP-140117 (available to the public on the world wide web at http://www.doc.state.ok.us/Offtech/op140117.htm). Plaintiff does not allege that the delay in his receipt of medical attention occasioned by Defendant's requirement of a written "sick call request" caused him substantial harm. His

allegation that Defendant's discretionary decision to require him to complete a "sick call" request caused him pain is insufficient. The Eighth Amendment's prohibition of "deliberate indifference to serious medical needs [applies only to] the unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 104. The "substantial harm" requirement for such a claim has been shown where there is evidence of "life-threatening situations," "exacerbat[ion of] the prisoner's medical problems," or harm resulting in "a lifelong handicap or a permanent loss." Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999). Plaintiff's allegation of "chest pain" for an unidentified length of time creates no inference of substantial harm, and Plaintiff's allegations are not sufficient to state a claim of an Eighth Amendment deprivation based on delay in medical treatment.

II. Fourteenth Amendment

In a separate claim for relief, Plaintiff alleges that Defendant's action on September 6, 2004, violated DOC policies and the "Nursing Practice Protocols" established by DOC. "To state a claim for violation of due process, a plaintiff must first identify an interest in life, liberty, or property which has been deprived by state actors." Vasquez v. Misel, Nos. 96-1092, 96-1151, 1996 WL 699759 (10th Cir. Dec. 6, 1996)(unpublished op.)(citing Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459 (1989)). Plaintiff's allegations fail to state a claim of a constitutionally protected liberty interest. He merely alleges that Defendant failed to comply with DOC regulations governing the provision of health care to inmates and the Nursing Practice Protocols adopted by DOC. "[A]n expectation of receiving process is not, without more, a liberty interest protected by the Due Process Clause." Olim v.

Wakinekona, 461 U.S. 238, 250 n.12 (1983). "Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement." Id. at 250. The procedures and protocols to which Plaintiff cites are designed to protect the inmates' access to medical attention. Thus, Plaintiff's claim of a due process violation is encompassed by his Eighth Amendment claim of deliberate indifference to his serious medical needs and fails to allege a separate Fourteenth Amendment claim of deprivation of a protected liberty interest.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's 42 U.S.C. §1983 action against Defendant be dismissed under 28 U.S.C. §1915(e)(2)(B) for failure to state a claim for relief.[2] Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by     June 8th   , 2005, in accordance with 28 U.S.C. §636 and LCvR 72.1. The Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656(10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

---

[2] The recommended dismissal would count as one "strike" under 28 U.S.C. §1915(g) after Plaintiff has exhausted or waived his right to appeal any order entered adopting this Report and Recommendation.

ENTERED this __18th__ day of __May__, 2005.

                                                          */s/ Gary M. Purcell*
                                                         GARY M. PURCELL
                                                         UNITED STATES MAGISTRATE JUDGE